

FILED
Oct 07, 2025
07:48 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Octaivian D. Reeves | Docket No. 2023-07-5733 |
| v. | State File No. 860348-2023 |
| Aramark Services, Inc., et al. | |

Appeal from the Court of Workers'
Compensation Claims
Amber E. Luttrell, Judge

---

### Affirmed and Certified as Final

---

In this compensation appeal, the petitioner avers the trial court erred in granting the respondent's motion for summary judgment. The petitioner was incarcerated at the Morgan County Correctional Facility when he allegedly was assaulted while working in the kitchen. Nearly four years later, he filed a petition for benefit determination against the respondent, a company contracted to provide food and commissary services to the facility at that time. In a motion for summary judgment, the respondent asserted that the petitioner was not its employee, that it did not receive timely notice of any alleged injury, and that the petitioner's claim was time-barred. The trial court granted the motion for summary judgment, determining petitioner was not an employee of the company at the time of his alleged injury. The petitioner has appealed. Having carefully reviewed the record, we affirm the grant of summary judgment on other grounds and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Octaivian D. Reeves, Jackson, Tennessee, petitioner-appellant, pro se

Robert J. Uhorchuk, Chattanooga, Tennessee, for the respondent-appellee, Aramark Services, Inc.

### Factual and Procedural Background

On September 12, 2019, Octaivian D. Reeves ("Petitioner") was incarcerated in the Morgan County Correctional Facility when he alleges he was assaulted by correctional officers while working in the kitchen. At the time, Aramark Services, Inc. ("Respondent"),

1

provided food and bulk commissary services to the facility. Petitioner filed a petition for benefit determination on August 18, 2023, alleging physical and mental injuries from the assault requiring extensive medical treatment.[1] Although Petitioner identified Respondent as his employer on the petition for benefits, he provided "Morgan County Correctional Facility" as Respondent's address. Thus, following a status conference at which Respondent did not appear, the trial court directed Petitioner to locate the proper address for Respondent in order to properly serve the petition on Respondent as required by Tenn. Comp. R. and Regs. 0800-02-21-.08. Petitioner forwarded his petition to Respondent, and its counsel filed a notice of appearance in September 2024. Respondent denied the claim, asserting expiration of the statute of limitations, lack of proper notice, and, finally, that Petitioner was not an "employee" of Respondent entitling him to workers' compensation benefits.

Following discovery, Respondent filed a motion for summary judgment on the above-stated grounds, to which it attached the affidavit of Steve Godwin, Respondent's Food Services Director. Mr. Godwin testified that, although Respondent provided food services to the facility and employed individuals to provide those services to inmates and staff, Petitioner was never "under a contract of hire or apprenticeship" with Respondent or an "employee, agent, servant[,] or representative" of Respondent. He stated that Petitioner may have been assigned to work in the kitchen by the staff of the facility but had never received any wages from Respondent.

Petitioner did not file a response to the motion for summary judgment or the statement of undisputed facts, but he did file a "Motion in Response to Declaration of Steve Godwin." In pertinent part, Petitioner states he was a servant of Respondent, and that "[t]hrough T.D.O.C. (Tennessee Department of Corrections) and Tricor[,] [Petitioner] was under contract in order to have a job in the kitchen at Morgan County Correctional Facility." Petitioner further avers he was on the "payroll" for the Department of Corrections and Tricor and that he reported the injury to a manager with Respondent once he was released from "segregation."

After a hearing, the trial court issued an order on July 11, 2025, finding that, given Petitioner's failure to properly respond to either the motion for summary judgment or the statement of undisputed material facts, it was undisputed that Petitioner was not an employee of Respondent at the time of the alleged incident. Thus, it found Respondent had negated an essential element of Petitioner's claim, and it granted Respondent's motion and dismissed the petition. Petitioner has appealed.

---

[1] Although the record indicates Petitioner filed one or more lawsuits in federal court, the record does not contain any information regarding that litigation.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). Moreover, a trial court's ruling on a motion for summary judgment is reviewed *de novo* with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

**Analysis**

Petitioner filed two notices of appeal. In his initial notice of appeal, he states the basis of his appeal is a violation of his due process rights "through the Tennessee Judicial System." He goes on to state: "[T]he court system is fully aware of [Petitioner's] situation, . . . medical issues, . . . homeless situation. There hasn't been any assistance provide[d] through second chance programs, homeless shelters . . . ." In his second notice of appeal, Petitioner states the basis of his appeal is "Violation of Production of Evidence, Violation of Due Process Rights." Neither party filed a brief on appeal.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Petitioner, we would be acting as his

counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

When a properly-supported summary judgment motion has been filed, the burden of production then shifts to the nonmoving party to demonstrate the existence of one or more genuine issues of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). Furthermore, "[a] fact is material 'if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Akers v. Heritage Med. Assocs., P.C.*, No. M2017-02470-COA-R3-CV, 2019 Tenn. App. LEXIS 5, at *14 (Tenn. Ct. App. Jan. 4, 2019) (quoting *Byrd*, 847 S.W.2d at 215). "A 'genuine issue' exists if 'a reasonable [factfinder] could legitimately resolve that fact in favor of one side or the other.'" *Akers*, 2019 Tenn. App. LEXIS 5, at *15 (quoting *Byrd*, 847 S.W.2d at 215).

In this case, although Petitioner disputed some of the statements made by Mr. Godwin in his affidavit, he did not file a response to the statement of undisputed material facts. As such, the following facts, as listed by Respondent, are undisputed:

> 2.    Particularly, [Petitioner] claims that he was injured on September 12, 2019, while working in the kitchen at the Morgan County Correctional Facility ("Morgan Correctional").
>
> . . . .
>
> 6.    [Petitioner] filed his Petition for Benefit Determination in this matter on August 18, 2023.

When benefits have not been paid, "the right to compensation [for a work-related injury] shall be forever barred" unless the petition for benefit determination is filed "within one (1) year after the accident resulting in injury." Tenn. Code Ann. § 50-6-203(b)(1) (2024). Here, it is undisputed that no benefits have been paid and that the petition was not filed until more than three years after the incident. Thus, Respondent negated an essential element of Petitioner's claim, and Petitioner failed to demonstrate that a dispute of material fact exists regarding when the statute of limitations for his claim expired. We affirm the decision of the trial court to grant summary judgment on the ground that Petitioner's statute of limitations had expired, and we need not address any other grounds supporting the dismissal.

## Conclusion

For the foregoing reasons, we affirm the order of the trial court and certify it as final. Costs on appeal have been waived.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

Octaivian D. Reeves

v.

Aramark Services, Inc., et al.

Appeal from the Court of Workers'
Compensation Claims
Amber E. Luttrell, Judge

Docket No.  2023-07-5733

State File No.  860348-2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of October, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Octaivian D. Reeves | | | | X | juicyreeves19@gmail.com |
| Robert J. Uhorchuk | | | | X | ruhorchuk@spicerfirm.com ahartley@spicerfirm.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov